## WRIGHT v. GORDON'S TRANSPORT, Inc.
## No. 11918.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1947.

Jas. A. Cunningham, of Booneville, Miss., for appellant.

Lake Hays and J. W. Wrape, both of Memphis, Tenn., and Thomas Fite Paine, of Meridian, Miss., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellant, on the night of September 8, 1940, at around 11 o'clock, was seriously injured when he drove his autombile into an ambulance, belonging to the Government, that had been negligently parked on the highway by a member of the Civilian Conservation Corps. In his complaint he alleged that a truck of Gordon's Transport, Incorporated, equipped with exceedingly bright lights, was approaching on the high-

way to meet him and so blinded him that he was unable to see the ambulance. He alleged that the driver of the Defendant's truck was guilty of negligence in unlawfully failing and refusing to dim the lights on his truck in response to a dimming by the Plaintiff of the lights on his automobile, and by reason of such negligence of the driver he was caused to run into the ambulance. The Plaintiff testified that he was knocked unconscious. He, therefore, was unable to identify the truck in question as one belonging to Defendant. The only competent evidence as to the presence of Defendant's truck in the vicinity of the accident was a part of the deposition of the driver of the Government ambulance, put in evidence by the Plaintiff. His deposition stated that Defendant's truck did not reach the scene until ten or twelve minutes after the accident. Plaintiff was bound by this testimony of his own witness. Moreover, there was no competent testimony to the contrary.

The Defendant's fifth plea was as follows:

"These defendants admit that the agents of the government were negligent in leaving the ambulance in the traveled portion of the road, but deny that these defendants were guilty of any negligence which proximately contributed to plaintiff's injury. On the other hand, these defendants show that at the time the plaintiff's car collided with the rear of the ambulance, the truck of the defendant was some one-half mile to three-quarters of a mile away from the scene of the accident and was no way involved in the accident. These defendants show that the truck of the defendant had extremely dim lights thereon, and that said lights were not of sufficient brightness to blind the plaintiff. These defendants further show that prior to the accident, another automobile overtook defendant's truck and proceeded in a northwesterly direction toward the ambulance and that it passed the said ambulance just prior to the time that plaintiff's car reached the same. They further show that this car which passed defendant's truck was equipped with extremely bright lights, and if the plaintiffs were blinded by bright lights, that the lights on the said automobile blinded the plaintiff, which was the proximate cause of the accident and that the lights on defendant's truck in no way contributed to the cause of the accident."

The Appellant says that the Defendant's admissions in its fifth plea that its truck was "some one-half mile to three-quarters of a mile away from the scene of the accident" raises an issue of fact with his own evidence. He would single out parts of sentences in the Defendant's plea and seek to have such fragments contradict or impeach the testimony of his own witness. If he succeeded in this effort, there would still be an absence of proof of identity of the truck. Moreover, the plea must be considered in its entirety and not merely from parts of sentences taken out of their general context. Considered as a whole, the plea in no wise serves to bolster Plaintiff's evidence or lack of evidence. For even if it were admitted that there was a truck of Defendant "one-half mile to three-quarters of a mile away from the scene of the accident", which was equipped with "extremely dim lights * * * not of sufficient brightness to blind the plaintiff" and which "was no way involved in the accident," the Court could not have refused to sustain the motion for a directed verdict.

The judge below properly directed a verdict for the Defendant at the conclusion of the Plaintiff's evidence, and the judgment is Affirmed.